Don Montell **FORESTER**

v.

**UNITED STATES.**

No. 30–60.

United States Court of Claims.

June 7, 1961.

Scott P. Crampton, Washington, D. C., for plaintiff. Dwight Taylor, Washington, D. C., was on the brief.

Katherine H. Johnson, Alexandria, Va., with whom was William H. Orrick, Jr., Asst. Atty. Gen., for defendant.

WHITAKER, Judge.

This is an action by a former reserve officer for retired pay.

Pursuant to the National Defense Act of June 3, 1916, sixth paragraph, section 37, 39 Stat. 166, 189, 190, plaintiff, on April 27, 1917, was appointed a Second Lieutenant, Corps of Engineers, Officers' Reserve Corps, "for a period of five years unless sooner terminated in the discretion of the President." Thereafter, plaintiff was called to active duty and served as an officer in the Corps of Engineers during World War I. While on active duty, plaintiff was promoted to First Lieutenant, and then to Captain, pursuant to the provisions of the Draft Act of May 18, 1917, 40 Stat. 76.

On July 9, 1919, plaintiff received a certificate of honorable discharge, issued under the provisions of War Department Circular No. 75, November 20, 1918, and section 9 of the Act of May 18, 1917, supra.

About six months later, on January 28, 1920, plaintiff was appointed to the rank of Captain, Engineer Section, Officers' Reserve Corps, and he continued to serve as a reserve officer until his commission expired on May 12, 1937.

When plaintiff reached 60 years of age on December 8, 1950, he submitted his application for retirement pay under section 302(a) of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, 62 Stat. 1087, 10 U.S.C.A. § 1331. He was advised by the Department of the Army that he had had only 19 years, 5 months, and 28 days of the requisite 20 years of satisfactory Federal service prescribed for retired pay purposes; hence, his application was denied. In computing his length of service the Army did not include the period between the date of his discharge on July 9, 1919, and the date he was commissioned Captain, Engineer Section, Officers' Reserve Corps, which was on January 28, 1920.

In his petition, plaintiff claims he is entitled to recover retired pay from December 8, 1950, the date he attained the

age of 60 years, to date. It is plaintiff's position that his appointment as a reserve officer under the Act of June 3, 1916, was not terminated by his discharge on July 19, 1919, but that he continued to be a reserve officer throughout the period July 9, 1919, to January 28, 1920, with the result that he had had more than the required 20 years' service.

The case is before us on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

The only question which we must decide is whether plaintiff's military status was terminated by his discharge on July 9, 1919.

Plaintiff says that the discharge terminated only his temporary appointment to Captain in the National Army under the Act of May 18, 1917, supra, and that he remained a member of the Officers' Reserve Corps for the remainder of the five-year period for which he was appointed.

This position seems contrary to the well-nigh all-inclusive language of Circular No. 75, supra, under the terms of which plaintiff was discharged. This circular reads in part:

"Discharge of Officers

"1. The President has determined, under the provisions of section 9, act of Congress approved May 18, 1917, that the public service will be promoted by the discharge, as rapidly as their services can be spared, of officers in the United States Army, except those holding commissions of any kind in the Regular Army.

\* \* \* \* \*

"3. \* \* \* Such discharges will be a complete separation of the individual from the military service and will terminate all commissions held by him in the Officers' Reserve Corps or otherwise. All officers should be so informed and should also be informed that, while they are given opportunity to express their desires relative to commissions in the Reserve Corps or the Regular Army, the granting of such commissions will be entirely dependent upon their fitness, eligibility, and such vacancies as may be provided by existing or future laws and regulations.

\* \* \* \* \*

"10. In connection with these discharges attention is directed to the following:

"*a.* Section 9, act of May 18, 1917. (See page 11, Bulletin No. 32, War Department 1917.)

"*b.* Sixth paragraph, section 37, act of June 3, 1916." (See page 59, Special Regulations No. 43.)

The Circular says the President has determined that the public interest would be promoted by the discharge of *all* "officers of the United States Army," save only those holding commissions in the Regular Army.

Prior thereto, on August 7, 1918, General Orders No. 73 had converted all commissions in the Regular Army, the National Guard, the National Army, and the Reserve Corps into commissions in the United States Army. This General Order reads in part:

"4. All effective commissions purporting to be, and described therein as, commissions in the Regular Army, National Guard, National Army, or the Reserve Corps shall hereafter be held to be, and regarded as, commissions in the United States Army—permanent, provisional, or temporary, as fixed by the conditions of their issue; and all such commissions are hereby amended accordingly. Hereafter during the period of the existing emergency all commissions of officers shall be in the United States Army \* \* \*, and shall, as the law may provide, be

permanent, for a term, or for the period of the emergency. * * *"

After this order, plaintiff was no longer an officer in the Reserve Corps; thereafter he held a commission in the United States Army only. His Reserve commission was terminated under the authority of section 37 of the Act of June 3, 1916, and he was made an officer of the United States Army under the authority of section 1 of the Act of May 18, 1917, quoted infra.

By paragraph 1 of Circular No. 75, all such officers, save only officers in the Regular Army, were to be discharged, and by paragraph 3 it was provided that "Such discharges will be a complete separation of the individual from the military service and will terminate all commissions held by him in the Officers' Reserve Corps or otherwise."

There would seem to be no doubt that under General Orders No. 73 and Circular No. 75 plaintiff was completely separated from the military service by his discharge on July 9, 1919. Plaintiff seems to have understood that at the time, because he later applied for and received a new commission in the Reserve Corps, as he was permitted to do under the terms of paragraph 3 of Circular No. 75, quoted supra.

No question is raised as to the authority to issue General Orders No. 73, or Circular No. 75; nor do we think it can be questioned. The third paragraph of section 1 of the Draft Act of May 18, 1917, supra, authorized the President to:

" * * * provide the necessary officers, [for the 500,000 men authorized] * * * by ordering members of the Officers' Reserve Corps to temporary duty in accordance with the provisions of section thirty-eight of the national defense Act approved June third, nineteen hundred and sixteen; by appointment from * * * the Officers' Reserve Corps * * *."

Pursuant thereto, plaintiff was ordered to duty.

By General Orders No. 73 the President terminated plaintiff's Reserve commission, and converted it into a commission in the United States Army. He was authorized to do this by section 37 of the Act of June 3, 1916. This section reads in part:

"Sec. 37. * * * The commissions of all officers of the Officers' Reserve Corps shall be in force for a period of five years unless sooner terminated in the discretion of the President. Such officers may be recommissioned, either in the same or higher grades, for successive periods of five years, subject to such examinations and qualifications as the President may prescribe * *."

Plaintiff's commission in the Officers' Reserve Corps was for a period of five years "unless sooner terminated in the discretion of the President." After General Orders No. 73, plaintiff held a commission only in the United States Army, which was issued under the authority of the Draft Act of May 18, 1917, supra.

Then under section 9 of the 1917 Act the President was authorized to discharge all such officers when he thought this would promote the public service. Section 9 reads as follows:

"That the appointments authorized and made as provided by the * * * third * * * paragraphs of section one * * * of this Act, shall be for the period of the emergency, unless sooner terminated by discharge or otherwise. The President is hereby authorized to discharge any officer from the office held by him under such appointment for any cause which, in the judgment of the President, would promote the public service; * * *."

For the period between July 9, 1919, and January 28, 1920, plaintiff was not

in the military service and, without including this period, plaintiff does not have the requisite 20 years' service required by the statute, and, hence, he is not entitled to recover.

Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied and his petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE, and MADDEN, Judges, concur.